UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

**United States of America**                                    No. 25-cr-10295-IT

v.

**Jessica Leslie**

DEFENDANT'S SENTENCING MEMORANDUM
*Redacted*

Defendant Jessica Leslie submits this memorandum to assist the Court in sentencing. To determine the appropriate sentence, "the sentencing court must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a) …" *Nelson v. United States*, 555 U.S. 350, 351 (2009). Ms. Leslie urges the Court to accept the parties' Plea Agreement and impose a sentence of incarceration for one day, deemed served, and 24 months of supervised release as "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a). *United States v. Kimbrough*, 552 U.S. 85 (2007); *United States v. Booker*, 543 U.S. 220 (2005).

The Offense Conduct

The government has provided a thorough description of Ms. Leslie's communications with her former friend. Her disclosure of grand jury information was limited to this single individual. ██████████████████████████████

████████████████████████████████████████████

██████████████████████████████

████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████

███████████████████████

Ms. Leslie believed that the information would remain private. She knew that sharing grand jury information violated her oath. ████ ██████████████████████ ████████████████████████ ██ █████████ She should have recognized that the violation of grand jury secrecy can cause serious harm to people and to the justice system, but she didn't. She does understand this now and her remorse is genuine.

<u>Ms. Leslie has Suffered Serious Consequences, Losing a Job she Loved.</u>

Ms. Leslie began working at the Department of Children & Families in 2017. Not long after the communications to her friend, she was promoted to a supervisor position, achieving a goal she'd worked towards for many years. She recently was terminated. Her career path illustrates her commitment to her work, her commitment to helping families in need, and what she has lost.

Ms. Leslie began working for DCF in 2017 and soon became a licensed social worker associate. She managed up to 25 cases, some involving intact families, some with children in foster care. Her case management included the assessment of families' strengths, needs, safety and risk factors. She made referrals for services such as therapy, OT, early intervention, and childcare. She regularly spoke to collaterals working with the family, including doctors, schools, attorneys, probation officers, court investigators, judges, foster families, therapists, early intervention specialists, and childcare centers. She did home visits,

including meeting with foster parents and children in placement.

In 2019, Ms. Leslie applied to a competitive fellowship program, seeking to obtain a Master's in social work and become a supervisor. The process included acceptance to Salem State University's MSW program, a board interview, supervisor references, past evaluations, and a recommendation from the area director. She was selected for the fellowship in April 2020 and graduated with a MSW in May 2023. Since then, she has been working on obtaining a LCSW.

While in graduate school, Ms. Leslie worked full-time as a social worker and completed two internships at DCF, one in response (investigations) and the other in family resource (working with foster families). She was trained in emergency response, working after business hours for emergencies involving high risk 51As, including the development of safety plans and interventions to remove children at risk.

In July 2023, after graduating, Ms. Leslie was promoted to a position as a License and Training Social Worker. She met with foster families, collected references, and investigated CORI information to assess and license. She met with each family multiple times to complete this caregiver assessment and then presented the family to a licensing review team. She conducted assessments of foster homes when they had a 51A filed on them. She became trained as a facilitator to train foster families.

In May 2025, she was promoted to a supervisor position, overseeing up to five social workers, including monthly unit meetings, individual supervision, and ongoing support and collaboration with the social workers on their case management. She'd achieved her goal and had a job she loved. Now it's gone.

<u>A Time-Served Sentence is Appropriate.</u>

3

Probation reports that during the last five years, there have been 29 defendants with a primary guideline based on §2J1.2, an OL of 10 and a CHC of I, all with a guideline range of 6-12 months. Of these 29 defendants, only 9 received a sentence involving any imprisonment. The Plea Agreement and proposed sentence of time-served is not atypical. Indeed, the median sentence for these 29 defendants involved no term of incarceration at all.

Provided at Attachment 1 are several letters, sent from her partner and from colleagues. They describe Ms. Leslie as being devoted to her work, to her family, and driven by a desire to help others.

Prior to this case, Ms. Leslie had never been charged with a crime. There is nothing to suggest that her conduct here was anything other than aberrational. Incarceration is not warranted for specific deterrence. Nor is it warranted for general deterrence. What she has already gone through, and what she will have to deal with in the future due to the loss of her job, sends a clear message that the violation of grand jury secrecy is a serious offense, and risks wholly upending one's life.

Conclusion

For these reasons, the Court should find that a sentence of incarceration for one day, deemed served, and 24 months of supervised release achieves the purposes of sentencing.

JESSICA LESLIE
By her Attorney,

/s/ *Keith Halpern*
Keith Halpern, BBO # 545282
572 Washington Street, Suite 19
Wellesley, MA 02482
(617) 722-9952

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 25, 2025.

<u>/s/ *Keith Halpern*</u>